UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

BOARDROOM ENTERTAINMENT MKE, LLC.,   )
                                     )
            Plaintiff,                )
                                     )
   vs.                               )   No. 2:15-CV-53
                                     )
CITY OF MILWAUKEE, a Wisconsin        )
Municipal corporation,                )   PLAINTIFF DEMANDS
                                     )   TRIAL BY JURY
            Defendant.                )

PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

Now comes Plaintiff, Boardroom Entertainment, MKE, LLC, by its attorneys, and respectfully moves the Court pursuant to Fed. R. Civ. P. 65 for an Order temporarily restraining Defendant City of Milwaukee, from enforcing ordinances requiring Plaintiff to obtain a Public Entertainment License or Permit for the operation of a business which provides entertainment pursuant to Chapters 85, 106, 108, Milwaukee Ordinances, or by taking any action to interfere with the operation of Plaintiff's business as a result of Plaintiff's offering constitutionally protected entertainment on its premises, for the following reasons:

1. As alleged in the verified complaint herein, Defendant City of Milwaukee's Public Entertainment Ordinance, is a prior restraint on free speech, is vague and overbroad, fails to serve a substantial or significant governmental interest, grants Milwaukee officials unbridled discretion to allow Plaintiff to engage in constitutionally protected speech and is not narrowly tailored to serve any such interest.

2. Officials of Defendant's Law Department have threatened to close Plaintiff's business if it offers "adult entertainment." Attached hereto is the Affidavit of Andrew Arena, which more fully describes the contacts with him from representatives of the City of Milwaukee and the statements made to him.

3. When Plaintiff opened its business on January 14, 2015 to serve alcoholic beverages, for

which it has a license, without offering live entertainment, it was visited by eight to ten Milwaukee Police officers who disrupted its business and accused it of not having the proper "paperwork" to operate the business. Attached hereto is the Affidavit of Robert Smith, which more fully describes the actions of Defendant's police officers on that occasion.

4. Until this court determines whether the ordinance is constitutional, defendant should not be subject to any further harassment or threats from Defendant to impose penalties upon it for allegedly violating the ordinance.

5. Milwaukee's Public Entertainment Ordinance is unconstitutional for reasons set forth in the Complaint herein.

6. A business featuring material protected by the First Amendment should remain open without interference by governmental officials during the pendency of court proceedings to test the validity of ordinances such as that involved in this case.

7. The harm to Plaintiff will be irreparable if Milwaukee is allowed to close down its business.

8. There will be no harm to Milwaukee if Plaintiff is allowed to operate its business pending the decision in this case, is, at most, unidentifiable.

WHEREFORE, Plaintiff Boardroom Entertainment MKE, LLC., prays that the Court enter a temporary restraining order as requested in the Complaint herein until the court can hold a hearing on Plaintiff's Motion for a Preliminary Injunction forbidding the City of Milwaukee from interfering with the operations of Plaintiff's business or attempting to enforce its Public Entertainment Ordinance against it during the pendency of this case.

S/WAYNE B. GIAMPIETRO
WAYNE B. GIAMPIETRO
One of Plaintiff's Attorneys

Of Counsel:
Poltrock & Giampietro
123 W. Madison, Suite 1300
Chicago, Illinois 60602
312-236-0606; Fax 312-236-9264
wgiampietro@wpglawyers.com

Andrew Arena
110 Old Water Third Street
Riverfront Plaza, Suite 210
Milwaukee, Wisconsin 53235
414-645-6100; Fax 414-645-3500
Andrew@ArenaLawOffices.com

## AFFIDAVIT OF ANDREW P. ARENA

COUNTY OF MILWAUKEE)
) ss.
STATE OF WISCONSIN )

Being first duly sworn and upon oath, Andrew P. Arena, states to the Court as follows:

1. My name is Andrew P. Arena, I am a licensed Attorney in the State of Wisconsin. I represented Diane Buzdum and Boardroom Entertainment Mke, LLC in purchasing the Corporation from Robert Smith and John Ferraro. I assisted in filing a transfer of stock ownership and a request to change the registered agent on the liquor license to Diane Buzdum. Diane Buzdum and I attended a hearing on January 6, 2015 where the request was held over to another date due to a clear food plan not being explicitly reported to the Common Council. This was a surprise to me as it was stated that the establishment did not have a food license since 2012. The License Committee of the Common Council seemed to ignore the fact that the Corporation had a license for years and the new owner of the Corporation filed an application that was not changing any aspect of the current license.

2. Right before the hearing on January 6, 2015 the City Attorney Adam Stephens pulled me aside in the hall and asked who Diane was, and if her brother Boro was involved in order to turn the location into a Gentlemen's Club.

3. On January 14, 2014 I received a phone call that is recorded on my phone from Adam Stephens stating that he heard from multiple sources that Diane's Brother was going to be involved with Diane in turning Rusty's into a Gentlemen's Club. Later that morning he called again and stated again that he heard Rusty's was going to be opened as a Gentlemen's Club. He wanted to know if I was the person to talk to when he shut the bar down. This information was reported to my client and the registered agent, Robert Smith.

Dated this 15th Day of January, 2015

Andrew P. Arena

Subscribed and Sworn to
before me this 15th day of
January, 2015

Notary Public, my commission is
expires /s permanent

AFFIDAVIT OF ROBERT SMITH

COUNTY OF MILWAUKEE )
                    ) ss.
STATE OF WISCONSIN  )

Being first duly sworn and upon oath, Robert Smith, states to the Court as follows:

1. My name is Robert Smith, I am the registered agent on a Class B Liquor License for a tavern that is operated by Boardroom Entertainment Mke, LLC. I have been the registered agent since 2012. The Class B Liquor License was renewed by the Corporation in 2014 without a food license. For over 10 years I have been a registered agent on liquor licenses and have managed Class B Liquor establishments.

2. In October 2014 the corporation was bought by Diane Buzdum. I am currently the registered agent and there is a valid liquor license that allows the establishment to be open for the sale of liquor from 11:00 a.m. until the legal closing time of 2:00 a.m. Monday through Thursday and 2:30 a.m. on Friday and Saturday.

3. On January 15, 2015 the corporation with me present as the registered agent opened the establishment for regular business. At approximately 11:00 p.m. eight police officers from the City of Milwaukee Police Department arrived in three squad cars with 6 officers, a few minutes later another squad with two additional officers arrived.

4. Six officers came in and I talked to them. As I was talking to two of the Officers four others searched through the whole bar and back area. These officers checked the liquor license which I showed them. They asked to see the occupancy and capacity license which I showed them. They proceeded to ask me about if I had a partner. I said yeah her name is Buzdum, Diane.

5. They said we don't show her name on the paperwork. They said they didn't have the current paperwork to show her on the Corporation. We don't have all the access to the paperwork the top brass does.

6. He pulled out a copy of the application which had language high lighted that stated I wanted to open at 11 a.m. to serve food. In reality I did not have a food license and I was granted the extended hours. The Police Officer said when are you going to get a food license if you want I can have the Health Department contact you. I responded no, my mother takes care of that.

7. In over 10 years experience I have never had a Police Officer do a tavern check with such a show of force. Usually, one or two Officers would come in for a period of 10 to fifteen minutes. On this evening two sergeants were present which is rare in my experience. These officers remained for approximately 40 minutes.

8. The multiple officers and show of force was clearly in response to some false beliefs

and rumors by city officials.

9. The next day I went to the license division and spoke to Jonathan Koberstein who informed me that my license was approved without any requirement of serving food. I did ask the reason that the successor of the Corporation, Ms. Buzdum, had a hard time getting her request to be the registered agent of the corporation approved by the Common Council. He informed me that was because Alderman Bauman believed that the location was going to be opened as a Gentlemen's Club and they didn't want to transfer the agents right away.

10. Therefore, my belief that the police force was in response to something that didn't exist was validated.

Dated this 15th Day of January, 2015

Robert Smith

Subscribed and