# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BOARDROOM ENTERTAINMENT MKE LLC,**

   Plaintiff,

   -vs-            **Case No. 15-C-53**

**CITY OF MILWAUKEE,**

   Defendant.

# DECISION AND ORDER

Plaintiff Boardroom Entertainment MKE LLC ("Boardroom") commenced this civil rights action pursuant to 42 U.S.C. §1983 by filing a verified complaint for declaratory and injunctive relief asserting that Defendant City of Milwaukee's ("City") zoning, licensing, and permitting procedures and its ordinances regulating public entertainment venues on their face and as applied violate its First and Fourteenth Amendment rights. Contemporaneously, Boardroom filed a motion for a temporary restraining order barring the City from enforcing ordinances that require Boardroom to obtain a public entertainment license or permit or taking any other action to interfere with the operation of its business. (*See* ECF Nos. 2, 3, 7.) The City has appeared in this action. (ECF No. 10.) Therefore, Boardroom's motion will be considered as a motion for a

preliminary injunction.

Rule 65(c) of the Federal Rules of Civil Procedure, applicable to both preliminary injunctions and temporary restraining orders, provides (with an exception not relevant here) that the Court may issue such an order "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c); *Roche Diagnostics Corp. v. Med. Auto. Sys., Inc.,* 646 F.3d 424, 428 (7th Cir. 2011). Boardroom's moving papers do not address this provision, and therefore its motion for a preliminary injunction is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Boardroom's motion for a preliminary injunction (ECF No. 7) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 23rd day of January, 2014.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**